J. Michael DOOLEY,
Plaintiff/Appellant,

v.

ST. LOUIS COUNTY, Missouri, Charlie
A. Dooley and James Baker in their
Individual and Official Capacities, De-
fendants/Respondents.

No. ED 86624.

Missouri Court of Appeals,
Eastern District,
Division One.

April 4, 2006.

David Eric Sowers; Ferne Paula Wolf; Co–Counsel; Sowers & Wolf LLC, St. Louis, MO, for Appellant.

Patricia Redington; County Counselor, Cynthia Lou Hoemann; Associate Counselor, Clayton, MO, for Respondent.

Before MARY K. HOFF, P.J. and CLIFFORD H. AHRENS, J. and PATRICIA L. COHEN, J.

### OPINION

PER CURIAM.

J. Michael Dooley (Plaintiff) appeals from the trial court's judgment granting St. Louis County (County), Charlie A. Dooley (Executive), and James Baker's (Baker) (collectively referred to as Defendants), in their individual and official capacities, motion to dismiss Plaintiff's petition, which was filed pursuant to 42 U.S.C. Section 1983 (petition). The petition alleged that Defendants had violated Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution by terminating Plaintiff's employment in retaliation for Plaintiff's opposition to certain proposed road projects supported by Executive. We find the trial court erred in granting the motion to dismiss Plaintiff's petition because Plaintiff adequately stated a cause of action. Therefore, we reverse the trial court's judgment and remand the case for further proceedings.[1]

### Facts

Plaintiff alleged the following facts in his petition: Plaintiff was the former Director of the St. Louis County Department of Highways and Traffic. Plaintiff's job duties required him to be involved in the planning of certain proposed road projects that were supported by Executive but opposed by Plaintiff. Those projects included: 1) the connection of Folk Road and Hanley Road; 2) the condemnation of privately-owned land in order to make improvements to Kienlen Avenue and Natural Bridge Road; 3) the extending and re-routing of Geiger Road and the method of funding the project; 4) the County's purchase of a right-of-way to build a sidewalk along Keller Road and Suson Hills Drive; and 5) the County's maintenance of a retaining wall being built on private land as part of improvements to Big Bend Boulevard.

Plaintiff opposed: 1) the connection of Folk Road and Hanley Road because he believed such a connection was potentially dangerous; 2) the County's payment of additional monies to a landowner near the Kienlen Avenue–Natural Bridge Road pro-

---

1. Because of the disposition of this case, Plaintiff's motion to strike a portion of Defendants' brief is hereby denied.

ject because the landowner already had been compensated for the loss of access from his land to the roads; 3) the extending and re-routing of Geiger Road because he believed paying the cost of the project was not an appropriate use of taxpayers' money in that the County did not have the funds to pay for the project and the project failed to meet the criteria of an arterial road; 4) in relation to the County's purchase of a right-of-way to build a sidewalk along Keller Road and Suson Drive, the County paying for the erection of a fence along the property of a landowner from whom the County had purchased the right-of-way; and 5) the County's maintenance of the retaining wall being built on private land as part of the improvements to Big Bend Boulevard because the County already had paid the landowner for the loss of his land to be used as a right-of-way and for the retaining wall. Beginning in November 2003 and throughout most of 2004, Plaintiff voiced his opposition to County's involvement in the projects to Executive, Baker, and another County employee.

In October 2004, Baker suspended Plaintiff from work for three weeks because Plaintiff had failed to discipline an employee in Plaintiff's department for sending an inappropriate email via the County's email system. When Plaintiff returned to work in November 2004, Plaintiff met with Executive and discussed several issues, including the Keller Road project and the Big Bend Boulevard retaining wall project. During the meeting, Executive stated that he was considering discharging Plaintiff, that "this negative stuff" had to stop if Plaintiff continued his employment with the County, and that Executive would decide whether Plaintiff would continue in his employment.

On November 19, 2004, Baker informed Plaintiff that he was being discharged from his employment and that Plaintiff's last day would be November 30, 2004. Baker also stated that the reasons for Plaintiff's discharge were: 1) Plaintiff had not called Executive to apologize while Plaintiff was on suspension; 2) Plaintiff had not met with Baker on Plaintiff's first day of work following his suspension; 3) Plaintiff did not come to the office on the first day of his suspension to tell the staff what had happened; and 4) Plaintiff had expressed to Baker that a three-week suspension was excessive.

In his petition, Plaintiff further alleged that: Baker's stated reasons for discharging Plaintiff were pretextual and not the true reasons for the discharge; Defendants discharged Plaintiff in retaliation for Plaintiff's protest of the aforementioned road projects, which involved matters of public concern; Defendants' actions in discharging Plaintiff violated his right to free speech as protected by the First and Fourteenth Amendments to the U.S. Constitution and enforceable under 42 U.S.C. Section 1983; and Defendants' violation of Plaintiff's rights was wilful, wanton, and malicious and in reckless disregard of Plaintiff's federally-protected rights.

In response to Plaintiff's petition, Defendants filed their motion to dismiss the petition on the ground that it failed to state a cause of action. Executive and Baker also asserted that they were public officials serving County and had acted in a discretionary capacity insofar as any of their actions related to the subject matter of the petition; thus, they were immune from liability under the doctrine of qualified immunity.

The trial court subsequently granted Defendants' motion to dismiss the petition and found that Plaintiff's statements of protest concerning the road projects as described in the petition were "wholly internal, private in nature and purely job

related[,]" and, therefore, were not statements of public concern and protected speech under the First and Fourteenth Amendments of the United States Constitution. The trial court made no findings as to Defendants' asserted affirmative defense. of qualified immunity. This appeal follows.

## Standard of Review

Our review of a motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *State ex rel. Diehl v. Kintz,* 162 S.W.3d 152, 155 (Mo.App. E.D.2005); *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). We assume that all of the plaintiff's averments are true and liberally grant the plaintiff all inferences therefrom. *State ex rel. Diehl,* 162 S.W.3d at 155; *Nazeri,* 860 S.W.2d at 306. We make no attempt to weigh any alleged facts to determine whether they are credible or persuasive but review the petition only to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted. *Nazeri,* 860 S.W.2d at 306. The plaintiff's petition must contain a short and plain statement of the facts showing he is entitled to relief and a demand for judgment requesting that relief. Rule 55.05.

## Discussion

In his two points on appeal, Plaintiff argues that the trial court erred in dismissing his petition because he stated a claim: 1) under the First Amendment to the U.S. Constitution, *to wit,* Defendants discharged Plaintiff in retaliation for his protesting matters of public concern; and 2) that would withstand an assertion of the defense of qualified immunity by Executive and Baker in that Executive and Baker committed willful, wanton, and malicious conduct by discharging Plaintiff in retaliation for his protesting matters of public concern.

County counter argues that the trial court's dismissal of Plaintiff's petition for failure to state a claim should be affirmed because: 1) Plaintiff's speech, as alleged, was not entitled to First Amendment protection; and 2) Executive and Baker's firing of Plaintiff was protected by qualified immunity.

Ordinary dismissals from government service, which "violate no fixed tenure or applicable statute or regulation[,] are not subject to judicial review even if the reasons for dismissal are alleged to be mistaken or unreasonable." *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Absent the most unusual circumstances, where a public employee speaks as an employee upon matters only of personal interest and not as a citizen upon matters of public concern, the courts are not the appropriate forum in which to review a personnel decision allegedly made by the public employer in reaction to the employee's behavior. *Id.* at 147, 103 S.Ct. 1684. However, the government cannot condition public employment on a basis that infringes upon its employees' constitutionally-protected interests in freedom of expression. *Connick,* 461 U.S. at 142, 103 S.Ct. 1684. To establish that he was demoted or terminated in a retaliatory manner in violation of the First Amendment, a public employee must show that his speech was protected and that the speech was a substantial or motivating factor in his demotion or termination. *Campbell v. Arkansas Dept. of Correction, et al,* 155 F.3d 950, 958 (8th Cir.1998). A public employee's speech is protected when it addresses a matter of public concern, i.e., a matter of political, social, or community concern, which is determined by examining the content, form, and context in which the statement was made in light of the whole

record. *Id.; Connick,* 461 U.S. at 146, 147–48, 103 S.Ct. 1684. Contacting the media is not necessary for a public employee's comments to be classified as matters of public concern. *Campbell,* 155 F.3d at 959. In fact, complaints to supervisors or private communications with an employer about matters of public concern also are protected under the First Amendment. *Id., citing Givhan v. Western Line Consol. Sch. Dist.,* 439 U.S. 410, 415–16, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979).

██ Here, in accordance with Rule 55.05, Plaintiff's petition contains: 1) a short and plain statement of facts alleging that he was fired because he made statements of protest to Executive concerning Plaintiff's opposition to County's involvement in certain proposed road projects; and 2) a demand for relief in the form of damages, reinstatement to his former position with retroactive seniority and benefits, and an order enjoining Defendant from violating Plaintiff's First Amendment rights in the future. Assuming all of Plaintiff's averments are true and liberally granting Plaintiff all inferences therefrom, our review of the petition reveals that the facts as alleged sufficiently meet the elements of a retaliatory-termination claim: Plaintiff engaged in speech that, on the face of the petition, appears to have addressed matters of public concern, which is protected under the First Amendment; and Plaintiff's speech was a substantial or motivating factor in Defendants' decision to terminate Plaintiff's employment. *Nazeri,* 860 S.W.2d at 306; *Campbell,* 155 F.3d at 958. Thus, we find the trial court erred in dismissing the petition for failure to state a claim upon which relief could be granted.

██ Furthermore, in light of our disposition of this case, we find it unnecessary to address the merit of Plaintiff's second point on appeal concerning the propriety of Executive and Baker's asserted affirmative defense of qualified immunity. "Qualified immunity protects public officials from personal liability under [Section] 1983 when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hinshaw v. Smith,* 436 F.3d 997, 1004 (8th Cir.2006) (internal quotations omitted). At this time, we cannot determine from the record whether Executive and Baker may be entitled to the affirmative defense of qualified immunity for terminating Plaintiff's employment.

*Conclusion*

We conclude only that Plaintiff sufficiently pleaded his claim alleging Defendants terminated Plaintiff's employment in retaliation for Plaintiff's opposition to certain road projects supported by Executive. The trial court's judgment is reversed, and the case is remanded.