**FORD MOTOR CREDIT COMPANY,**
Respondent,

v.

**Steven L. HENSON and Joan K. Henson, Appellants.**

No. 23542.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 12, 2001.

Dale K. Irwin, Slough, Connealy, Irwin & Madden, Kansas City, for Appellants.

Eric M. Trelz, Nicole C. Behnen, Polsinelli Shalton & Welte, St. Louis, for Respondent.

MONTGOMERY, Judge.

Ford Motor Credit Company (FMC) sued to recover a deficiency on a retail installment contract given by Steven L. Henson and Joan K. Henson (Appellants) and was awarded a judgment in the amount of $4890.74 plus interest. On this appeal, Appellants' dispositive point contends the judgment should be reversed because there was no substantial evidence to support a finding that FMC proved compliance with the commercial reasonableness requirement of § 400.9–504(3)[1] regarding sale of collateral. We agree.

On October 3, 1997, Appellants purchased a 1996 Ford pickup truck from Southtown Ford, Inc. Appellants executed

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

a retail installment contract (Contract) which Southtown assigned to FMC. Under the Contract, Appellants financed $22,084.50 which included $1425 for an extended service plan and $1511.20 for credit life insurance. The Contract also included a security interest clause.

Appellants failed to make their monthly installment payments of $555.08 as required by the Contract. On January 21, 1998, FMC repossessed the pickup truck. FMC sent Appellants a "Notice of Sale" dated January 26, 1998, explaining that "[t]he property described above will be sold at a private sale at any time after 10 days from the Date of Notice shown above unless redeemed by you prior to such sale."

On or about July 22, 1998, the pickup truck was sold for $14,900. On July 1, 1999, FMC filed suit against Appellants seeking a judgment for a deficiency balance of $5,309.85 plus interest and attorney fees. After a bench trial, judgment was entered in favor of FMC.

Appellants contend that FMC waved its right to sue for a deficiency balance when it failed to comply with § 400.9–504(3) in that there was no substantial evidence to support a finding that FMC strictly complied with the commercial reasonableness requirements of the aforesaid statute respecting the sale of the pickup truck by virtue of "insufficient proof of the method, manner, and place of the sale...."

■ The standard of review in a court-tried case is governed by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the trial court's judgment unless there's no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. We review the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences, disre-

garding the contrary evidence and inferences. *Bach v. McGrath*, 982 S.W.2d 734, 735 (Mo.App.1998).

■ At trial, FMC presented documentary evidence and the testimony of Jerry Hall, a customer service representative for FMC. On the issue of commercial reasonableness, Hall only testified that the pickup sold for $14,900. He acknowledged that he was not present when the vehicle was sold. He pointed to nothing in the documentary evidence indicating the method or manner of sale nor did he say where the sale took place. He testified that he had been to other sales where there were hundreds of people, which is no evidence of the method, manner, or place of the sale of the pickup in question. His testimony failed to indicate whether the pickup was sold at private or public sale.

■ Upon default, a secured party has the right to take possession of the collateral. § 400.9–503. "A secured party may after default sell or otherwise dispose of the collateral by public or private sale in a commercially reasonable manner 'in every aspect ... including the method, manner, time, place and terms.' § 400.9–504(3)." *Commercial Credit Equipment v. Parsons*, 820 S.W.2d 315, 320 (Mo.App.1991). The debtor is liable to the secured party for any deficiency that remains after the sale of the collateral. § 400.9–504(2).

■ A party seeking a deficiency judgment bears the burden of proving compliance with the statutory requirements of the commercial reasonableness of the sale of collateral. *First Missouri Bank & Trust Co. v. Newman*, 680 S.W.2d 767, 770–71 (Mo.App.1984). Failure to prove the sale was commercially reasonable precludes a secured party from obtaining a deficiency judgment. *Id.* Such a view "is in keeping with the Missouri policy requiring strict statutory compliance for the protection of the debtor." *Id.* at 771.

"The commercial reasonableness of a sale is a question of fact." *Moutray v. Perry State Bank,* 748 S.W.2d 749, 752 (Mo.App. 1988).

Through Hall's testimony, FMC proved only the time of the sale and inferably that a cash sale occurred. The record is devoid of evidence concerning the method, manner, or place of sale. Absent evidence on these requirements, FMC's judgment is not supported by substantial evidence.

The judgment is reversed.

PARRISH, P.J., and SHRUM, J., concur.