CITIZENS NATIONAL BANK,
Plaintiff/Respondent,

v.

Thomas J. ROBERTSON,
Defendant/Appellant.

No. ED 80858.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 2003.

Harold G. Johnson, Mitchell D. Johnson, Johnson & Johnson, St. Ann, MO, for appellant.

Richard P. Dorsey, Ahleim & Dorsey, L.L.C., St. Charles, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

The secured party obtained a deficiency judgment against the debtor after sale of a

repossessed automobile under a loan agreement. The debtor appeals, claiming that there was insufficient evidence of commercial reasonableness of the sale and of notice to debtor. We agree that there was insufficient evidence of commercial reasonableness and reverse.

On April 15, 1998, defendant, Thomas J. Robertson, and his wife negotiated the purchase of a 1991 Plymouth Acclaim from Major Motors for $3,895.00. They entered into a loan and security agreement with plaintiff, Citizens National Bank, on April 16, 1998 for $3,328.50 to finance the vehicle. Defendant defaulted and, on January 6, 1999, plaintiff mailed defendant a "Notice of Default and Right to Cure Default" addressed to defendant at the address on the loan agreement. On January 28, 1999 the vehicle was repossessed. Plaintiff sent a "Repossessed Property Notice," dated February 8, 1999, addressed to defendant at the same address, advising him that the vehicle was repossessed, that it would be sold for cash at a private sale more than 20 days after the date of the letter, and that plaintiff could redeem the vehicle by paying the amount due, as set forth in the notice. On September 2, 1999 plaintiff sent a "Notice of Sale of Repossessed Item and Deficiency Balance" addressed to defendant at the same address, advising him that the vehicle was sold by private sale on March 31, 1999 for $200 and setting out the amount of the remaining deficiency.

Plaintiff subsequently filed a petition to recover the deficiency of $3,550.40, interest, and costs on the loan and security agreement. After a bench trial the trial court entered a judgment in plaintiff's favor for $4,536.98. The parties did not request findings of fact and none were made.

## DISCUSSION

■ We review this court-tried case pursuant to the standard set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or misapplies the law. *Id.*

For his first point, which we find dispositive, defendant asserts that the trial court erred in entering the deficiency judgment on the loan agreement because plaintiff failed to prove the commercial reasonableness of the sale of the vehicle under section 400.9–504(3) RSMo (1994),[1] which governs a secured party's right to sell or otherwise dispose of collateral after a debtor has defaulted.

■ Because the relevant transactions occurred in 1998 and 1999, section 400.9–504 RSMo (1994) controls this proceeding. Upon default, a secured party has the right to take possession of the collateral. Section 400.9–503 RSMo (1994).[2] "A secured party may after default sell or otherwise dispose of the collateral by public or private sale in a commercially reasonable manner 'in every aspect ... including the method, manner, time, place and terms.'" Commercial Credit *Equipment v. Parsons*, 820 S.W.2d 315, 320 (Mo.App.1991) quoting section 400.9–504(3) RSMo (Supp.1991). The purpose of this statute is "'to encour-

---

1. Article 9 was amended in 2001. The comparable provisions to section 400.9–504(3) RSMo (1994) are now found in sections 400.9–610 and 400.9–611 RSMo (Supp.2001).

2. The comparable provision is now found in section 400.9–609 RSMo (Supp.2001).

age the secured party to seek the most advantageous resale price and thus reduce the possibility and amount of any deficiency.'" *Id.* at 322 (quoting JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE, Section 26–9 (2nd ed.1980)).[3] "'A secured party has sold in a commercially reasonable manner if he 'sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold.'" *Moutray v. Perry State Bank,* 748 S.W.2d 749, 752 (Mo.App.1988) quoting section 400.9–507(2) RSMo (1986).[4] The commercial reasonableness of a sale is a question of fact. *Id.*

■■■ "[T]he party seeking a deficiency judgment bears the burden of proving compliance with the statutory requirement of commercial reasonableness, regardless of whether the debtor affirmatively pleaded a defense of commercial unreasonableness." *First Missouri Bank & Trust Co. v. Newman,* 680 S.W.2d 767, 770–71 (Mo.App.1984). This is because the secured party has superior knowledge of the facts surrounding the sale and is the moving party in a deficiency action. *Id.* In keeping with Missouri's policy requiring strict compliance for the debtor's protection, the secured party's failure to prove the sale was commercially reasonable precludes it from obtaining a deficiency judgment. *Ford Motor Credit Co. v. Henson,* 34 S.W.3d 448, 450 (Mo.App.2001).

At trial, plaintiff called Richard Leh, its Vice–President, and introduced, as a business record, plaintiff's file on defendant's loan, dated April 16, 1998. On the issue of commercial reasonableness the loan file showed only the vehicle's condition at the time of repossession, that it had sustained damage to the left fender and air bag and had 106,969 miles. There was no documentation of the sale except plaintiff's notice to defendant that the vehicle had been sold for $200.00. Mr. Leh testified that the vehicle was "wrecked." However, he did not testify to, and the loan file did not show, the method or manner of sale, where it took place, or to whom it was made. The absence of such evidence is fatal. *Ford Motor,* 34 S.W.3d at 451. The fact that the automobile's condition could explain the low sale price is insufficient to establish commercial reasonableness. Point one is granted and the judgment must be reversed because it is not supported by substantial evidence. As a result of our disposition of this point, we do not reach defendant's remaining point.

The judgment of the trial court is reversed.

PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR., J. concur.

---

3. Now 4 JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE, Section 34–10 (4th ed.1995).

4. These concepts are now codified in section 400.9–627 RSMo (Supp.2001).