**CONSUMER FINANCE CORPORATION,
Respondent,**

v.

**Tanisha M. REAMS, Appellant.**

**No. WD 63487.**

Missouri Court of Appeals,
Western District.

Feb. 15, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 2005.

Dale K. Irwin, Kansas City, for Appellant.

David Jay Weimer, Kansas City, for Respondent.

Before THOMAS H. NEWTON, Presiding Judge, HAROLD L. LOWENSTEIN, Judge, and RONALD R. HOLLIGER, Judge.

RONALD R. HOLLIGER, Judge.

Tanisha Reams appeals the judgment of the trial court in favor of respondent, Consumer Finance Corporation, granting its request for the deficiency remaining upon an automobile loan following repossession and disposition of the vehicle that was collateral for the loan. We conclude that the judgment was not supported by substantial evidence, in that there was insufficient evidence that the post-repossession sale was conducted in a commercially reasonable manner, and reverse the judgment below.

## FACTUAL AND PROCEDURAL BACKGROUND

Tanisha Reams purchased an automobile on March 30, 2000. Most of the purchase price was financed through a loan provided by Consumer Finance Corporation, who took a security interest in the automobile as collateral. Reams subsequently defaulted upon that loan, and the collateral was repossessed and liquidated at auction on October 3, 2001, leaving an unpaid deficiency of $11,786.37.

Consumer Finance subsequently brought an action against Reams (hereinafter "*Reams I*"), seeking a judgment to recover that deficiency. Reams counterclaimed, alleging that the notice of sale Consumer Finance sent Reams prior to sale of the collateral was defective and that the automobile was not sold after repossession in a commercially reasonable manner. Based upon those allegations, she sought damages under the Uniform Commercial

Code, specifically, Section 400.9–625(c)(2), RSMo, as well as pursuant to Section 407.025, RSMo, part of the Missouri Merchandising Practices Act.

Immediately prior to trial, Consumer Finance dismissed its petition against Reams. The case proceeded to trial on Reams' counterclaim, but the only issue actually litigated at trial concerned the sufficiency of the notice provided to Reams prior to liquidation of the collateral. A judgment issued in favor of Consumer Finance, finding that Reams had failed to present sufficient evidence to meet her burden of proof.

Consumer Finance subsequently refiled its deficiency claim against Reams.[1] The petition made no mention of the prior action and did not plead that Reams was barred from defending against any of the elements of the petition or that those elements were established due to res judicata or collateral estoppel. The parties raised no issues in that regard until the filing of pre-trial briefing. Those briefs have not been made part of the record on appeal.

The matter proceeded to trial, at which time Consumer Finance presented no evidence with regard to commercial reasonableness of the sale of the collateral, relying instead upon its contention that Reams was barred from relitigating that issue, since it was determined through the judgment granted in Consumer Finance's favor upon Reams' counterclaim. A collections supervisor at CFC was the only witness called to testify for CFC. That witness testified that RSA conducted the sale of the car by auction. He testified that he had no knowledge as to who was at the sale, how many people were at the sale, or whether it was a public or private sale.

No one from RSA was called at trial to testify about what occurred at the sale.

The trial court found in favor of Consumer Finance and entered judgment against Reams. Reams appeals that judgment.

## DISCUSSION

Reams raises two points on appeal. First, she argues that the trial court erred in granting judgment in favor of Consumer Finance because the notice sent prior to the repossession sale was insufficient, as a matter of law, to comply with the statutory requirements of Section 400.9–611, RSMo, thereby barring Consumer Finance's deficiency claim. Second, Reams contends that the trial court erred in its judgment because Commercial Finance failed to meet its burden to present substantial evidence that the post-repossession sale of the collateral was conducted in a commercially reasonable manner as required under Section 400.9–610 (Supp.2001). We find the second point on appeal to be dispositive and reverse the judgment below.

Our standard of review, in this bench-tried case, is supplied by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. Banc 1976). *Dean Mach. Co. v. Union Bank*, 106 S.W.3d 510, 515 (Mo.App.2003). We will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding contrary evidence and inferences. *Cub Cadet Corp. v. Mopec, Inc.*, 78 S.W.3d 205, 208 (Mo.App.2002).

---

1. Consumer Finance was entitled to refile its claim because the compulsory counterclaim rule does not apply to associate circuit court actions under chapter 517. *Becker Glove Int'l, Inc. v. Jack Dubinsky & Sons*, 41 S.W.3d 885, 886 (Mo. banc 2001).

Upon default, a secured party has the right to take possession of the collateral. RSMo Section 400.9–609 (Supp.2001); *Ford Motor Credit Co. v. Henson,* 34 S.W.3d 448, 450 (Mo.App.2001). After default, a secured party may sell or otherwise dispose of the collateral by public or private sale as long as it does so in a commercially reasonable manner in every aspect including the method, manner, time, place and terms. RSMo Section 400.9–610 (Supp.2001); *Henson,* 34 S.W.3d at 450. The debtor is liable to the secured party for any deficiency that remains after the sale of the collateral. RSMo Section 400.9–615 (Supp.2001).

■ CFC contends that it need only show that it introduced some evidence that a reasonable person could find proved it conducted a commercially reasonable sale. CFC misstates the standard that it must reach in order to obtain a deficiency judgment. A secured party seeking a deficiency judgment following the sale of collateral after default bears burden of proving compliance with statutory requirement of commercial reasonableness. *Citizens Nat'l Bank v. Robertson,* 101 S.W.3d 302, 304 (Mo.App.2003); RSMo Section 400.9–610. This is true regardless of whether the debtor pleaded the defense of commercial unreasonableness. *Id.* A secured party's failure to prove that the sale of collateral was commercially reasonable precludes it from obtaining deficiency judgment. *Id.*

■ In order to obtain a deficiency judgment, it was necessary for Consumer Finance to do more than establish the terms of the loan between it and Reams, as well as her subsequent default upon that arrangement. Consumer Finance was also obligated to prove that it had complied with Uniform Commercial Code provisions regarding repossession and sale of the collateral. In the proceedings below, Commercial Finance sought to employ the judgment in *Reams I* to satisfy its burden of proof regarding two of those elements, namely the sufficiency of the notice provided to Reams prior to the repossession sale of the car and the commercial reasonableness of that sale.

■ The doctrine of collateral estoppel[2] addresses when a party may use an adverse prior judgment against another party to bar that party from relitigating issues determined in that earlier judgment. *See SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP,* 128 S.W.3d 534, 541 (Mo.App.2003). There are two manners of utilizing the doctrine of collateral estoppel. In contexts where a defendant seeks to bar a plaintiff from raising an issue determined in a prior action, the use is defensive in nature. *Id.* Where it is the plaintiff attempting to assert the estoppel against a defendant, seeking to preclude the latter from litigating one of the elements of the plaintiff's case, it is being employed offensively. *Id.* Here, Consumer Finance sought to assert offensive collateral estoppel.[3]

2. Consumer Finance incorrectly argues that the doctrine of res judicata also applies, here. Res judicata operates to bar a party from relitigating a *claim* decided in a previous action. The claim at issue in the present matter, the deficiency sought against Reams, is different than those raised by Reams' counterclaim in *Reams I.* Thus, res judicata is inapplicable here.

3. Collateral estoppel is also described as mutual or nonmutual. Nonmutual collateral estoppel applies when the one of the parties in the second action was not a party to the earlier adjudication. *See In re Caranchini,* 956 S.W.2d 910, 912 (Mo. banc 1997). Here, there is no question that the parties in both *Reams I* and the present action are identical. Thus, the present matter presents a question regarding mutual offensive collateral estoppel.

Generally, offensive use of collateral estoppel is less favored than defensive use of that doctrine. *Carr v. Holt*, 134 S.W.3d 647, 650 (Mo.App.2004) (citing *James v. Paul*, 49 S.W.3d 678, 685 (Mo. banc 2001)). Where offensive collateral estoppel is sought, the party asserting the estoppel must establish four elements: (1) the same issue was present in both the present and the earlier litigation, (2) that issue was actually litigated in the earlier proceeding, (3) the issue was determined as a critical and necessary part of the prior judgment, and (4) the offensive use of collateral estoppel would not be unfair to the party being estopped. *State v. Daniels*, 789 S.W.2d 243, 244–45 (Mo.App.1990).

Further, in order to invoke collateral estoppel, it must be pled. In the case of defensive collateral estoppel, it is an affirmative defense that must be raised in the defendant's answer. Rule 55.08. If it is not pled, then the defense is waived. *Adams v. Inman* 892 S.W.2d 651, 653 (Mo. App.1994). In the case of offensive collateral estoppel, it must be pled in the plaintiff's petition. *Compare Jones v. Des Moines & Miss. River Levee Dist. No. 1*, 369 S.W.2d 865, 872 (Mo.App.1963) (discussing pleading requirements to assert res judicata offensively). Here, Consumer Finance failed to plead collateral estoppel in its petition against Reams. While it apparently raised that issue in pre-trial briefing, it never amended its pleadings to assert that doctrine. Missouri courts have generally disapproved of assertions of res judicata late in the proceedings. *See Stine v. Warford*, 18 S.W.3d 601, 604–05 (Mo. App.2000). We find that similar reasoning applies here, and that a plaintiff must timely assert collateral estoppel to employ it offensively against a defendant. Under the facts before us, Consumer Finance failed to raise collateral estoppel in a timely manner in the proceedings below, and we hold that it cannot, therefore, rely upon collateral estoppel in order to establish any of the essential elements of its case.[4]

"A secured party … has the burden to prove every aspect of the disposition of collateral when commercial reasonableness is challenged." *Commercial Credit Equip. Corp. v. Parsons*, 820 S.W.2d 315, 322 (Mo.App.1991). The disposition must be commercially reasonable in "method, manner, time, place and terms." *Kennedy v. Fournie*, 898 S.W.2d 672, 680 (Mo.App.1995). Here, the only evidence adduced at trial regarding the reasonableness of the post-repossession sale was the admission of the bill of sale, which revealed that the collateral was sold at auction as well as the sale price of the vehicle.

This evidence, standing alone, was not sufficient to meet its burden of proof that the sale of the collateral was conducted in a commercially reasonable manner. *Ford Motor Credit Co. v. Henson*, 34 S.W.3d 448, 450 (Mo.App.2001). For example, there was no evidence in the record regarding whether Consumer Finance or other lenders utilized this method of sale and that particular auction venue with regard to other repossessed vehicles in the ordinary course of business. No evidence was admitted regarding what efforts, if any, were needed or made to prepare the

---

4. Even if Consumer Finance had correctly invoked the doctrine of collateral estoppel in the proceedings below, there may be a question as to whether the issue of commercial reasonableness regarding the post-repossession sale of the collateral had been actually litigated in *Reams I*. From the record before us, it appears that the issue may have been raised in the pleadings, but it was apparently abandoned and not pursued at trial. Finding that collateral estoppel was not timely raised, we need not reach the question of whether the issue of commercial reasonableness was litigated in *Reams I*.

collateral for sale. Nor was there any indication in the record that the price received for the collateral at auction was within the expected range for that type of vehicle in terms of its model, age, and condition.

In order to recover a deficiency upon its loan with Reams, Consumer Finance was required to prove that the post-repossession sale of the collateral was commercially reasonable. *See Citizens Nat'l Bank v. Robertson*, 101 S.W.3d 302, 304 (Mo.App. 2003). Consumer Finance failed to present sufficient evidence regarding that element of its claim. While we view the evidence in the light most favorable to the judgment, and give Consumer Finance the benefit of all reasonable inferences that may be drawn from the evidence, there was not substantial evidence in the record from which the trial court could find that the sale of the collateral here was conducted in a commercially reasonable manner. Consumer Finance is not entitled to a judgment upon the deficiency, absent a finding that the post-repossession sale of the collateral was commercially reasonable. *See id.* The trial court thereby erred in granting judgment in favor of Consumer Finance.

The judgment of the trial court is reversed. Reams' request for attorney fees on appeal pursuant to Section 408.092, RSMo, is denied.

THOMAS H. NEWTON, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.