**Rodney D. GIBBONS, Appellant,**

v.

**J. NUCKOLLS, INC., d/b/a Fenton Auto Sales, Respondent.**

**No. SC 88023.**

Supreme Court of Missouri, En Banc.

March 20, 2007.

Bernard E. Brown, Fairway, KS, Mitchell B. Stoddard, St. Louis, for appellant.

Paul E. Martin, Keith K. Cheung, St. Louis, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Peter A.

Lyskowski, Asst. Atty. Gen., Jefferson City, for Amicus Curiae Missouri Attorney General.

Gregory C. Mitchell, Jamie J. Cox, Johnny K. Richardson, Jefferson City, for Amicus Curiae Missouri Automobile Dealers' Association.

Alan Kimbrell, Ballwin, for Amicus Curiae ADESA Missouri, Inc.

RONNIE L. WHITE, Judge.

## I.

Rodney Gibbons appeals the circuit court's dismissal of his claim against J. Nuckolls, Inc., d/b/a Fenton Auto Sales (Nuckolls), alleging a violation of the Merchandising Practices Act (MPA). The Court holds that wholesalers are "persons" for purposes of the MPA. The circuit court's judgment is reversed, and the case is remanded.

## II.

Nuckolls is an automobile wholesaler. Gibbons purchased a car from a dealership that had purchased the car from Nuckolls. Gibbons sued the dealership and Nuckolls under the MPA, alleging that he was told the car was never in an accident when, in fact, the car had been in an accident before the dealership bought it from Nuckolls. Gibbons alleged that Nuckolls violated the MPA by failing to disclose the accident to the dealership.

The trial court granted Nuckolls' motion to dismiss for lack of privity between Gibbons and Nuckolls.[1] Wholesalers are "persons" within the meaning of the MPA. Privity is not required.

---

1. This Court transferred the case from the Court of Appeals, Eastern District, after opinion and has jurisdiction. Mo. Const. art. V, sec. 10.

## III.

◼ Review of a circuit court's order granting a motion to dismiss is *de novo.*[2]

## IV.

◼ The applicable provisions of the MPA state as follows:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri, is declared to be an unlawful practice.[3]

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use of employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lesser resides or in which the transaction complained of took place, to recover actual damages.[4]

"Person" means "any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof."[5]

The foregoing statutory framework permits an aggrieved party to seek relief from any "person," including a corporation such as Nuckolls. The statute's plain language does not contemplate a direct contractual relationship between plaintiff and defendant, and Missouri courts have not imposed such a requirement through statutory construction. On the contrary, in *State v. Polley*[6] and *State ex rel. Nixon v. Estes,*[7] the attorney general was permitted to seek restitution from a wholesaler on behalf of consumers under section 407.100. Though these cases do not directly address whether a consumer could bring such claims under section 407.025, the implication favors Gibbons.

The statute's broad language of 'any person who has suffered any ascertainable loss' contemplates that other parties, besides the direct purchaser or contracting party, who suffer damages resulting from the violator's prohibited conduct under the Act are included among those eligible to receive restitution. The consumer who receives the product or services through a third party such as a builder ... is included within the meaning of the statute as one for whom restitution shall apply. To hold otherwise would undermine the fundamental purpose of the Act: the protection of consumers.[8]

In *State ex rel. Nixon v. American Tobacco Co., Inc.,*[9] this Court held that consumers could not intervene in an action

---

**2.** *Burke v. Goodman,* 114 S.W.3d, 276, 279 (Mo.App.2003).

**3.** Section 407.020. All references are RSMo 2000.

**4.** Section 407.025.

**5.** Section 407.010(5).

**6.** 2 S.W.3d 887 (Mo.App.1999).

**7.** 108 S.W.3d 795 (Mo.App.2003).

**8.** *Polley* at 892.

**9.** 34 S.W.3d 122 (Mo. banc 2000).

pursuant to section 407.100 seeking an injunction, because the statute places such actions within the sole discretion of the attorney general. However, the Court noted that consumers could protect their interests by bringing a private action pursuant to section 407.025 against the tobacco manufacturers,[10] who are similarly upstream from the consumer sale. In *Grabinski v. Blue Springs Ford Sales, Inc.*,[11] a wholesale auto dealer was held liable in an MPA claim. In *State ex rel. Ashcroft v. Marketing Unlimited of America, Inc.*,[12] individual officers of a corporate seller of the merchandise at issue were "persons" liable for violations of section 407.020 and remedies under section 407.100.

█ Nuckolls undertakes an exercise in strained statutory construction and urges a limited application of *Polley, Estes,* and *Marketing Unlimited,* arguing that the MPA accords broader authority to the attorney general, while private plaintiffs can only sue a direct seller. This Court declines to impose such a significant limitation on Missouri consumers.[13] Relevant precedent consistently reinforces the plain

10. *Id.* at 130.

11. 136 F.3d 565 (8th Cir.1998).

12. 613 S.W.2d 440, 447 (Mo.App.1981).

13. Privity of contract is not required under similar statutes of numerous other states. See *Tandy v. Marti,* 213 F.Supp.2d 935 (D.Ill. 2002); *Waterbury Petroleum Products, Inc. v. Canaan Oil and Fuel Company, Inc.,* 193 Conn. 208, 477 A.2d 988 (Conn.1984); *Warren v. Monahan Beaches Jewelry Center, Inc.,* 548 So.2d 870 (Fla.App.1989); *Maillet v. ATF–Davidson Co., Inc.,* 407 Mass. 185, 552 N.E.2d 95 (1990); *Speakman v. Allmerica Fin. Life Ins. & Annuity Co.,* 367 F.Supp.2d 122 (D.Mass.2005); *Katz v. Schacter,* 251 N.J.Super. 467, 598 A.2d 923 (App.Div.1991); *Garner v. Borcherding Buick, Inc.,* 84 Ohio App.3d 61, 616 N.E.2d 283 (1992); *Raudebaugh v.*

language and spirit of the statute to further the ultimate objective of consumer protection, regardless of whether the suit is filed by the state or by an individual.

## V.

The judgment is reversed, and the case is remanded.

*Action Pest Control, Inc.,* 59 Or.App. 166, 650 P.2d 1006 (1982); *Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc.,* 393 Pa.Super. 339, 574 A.2d 641 (1990); *State ex rel. Miller v. Cutty's Des Moines Camping Club, Inc.,* 694 N.W.2d 518 (Iowa 2005); *Bohls v. Oakes,* 75 S.W.3d 473 (Tex. App.2002). Furthermore, national experts generally consider privity irrelevant to the analysis. See National Consumer Law Center, *Unfair and Deceptive Acts and Practices* (6th ed.2004), § 4.2.15.3: "The concept of privity of contract is irrelevant to UDAP [unfair and deceptive acts and practices] claims, since they are not based on contract. Instead, whether a consumer can sue a particular defendant is a question of interpretation of terms in the UDAP statute." As applied to the present case, this Court interprets the statutory definition of "person" to include wholesalers.