**RENO FINANCIAL, LTD., Respondent,**

v.

**Rodney VALLEROY and Connie Lalumondier, Appellants.**

No. ED 88613.

Missouri Court of Appeals, Eastern District, Division Two.

July 17, 2007.

Francis J. Siebert, Scott City, MO, for appellant.

Shawn Scharenborg, Jackson, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Rodney Valleroy and Connie Lalumondier ("Debtors") appeal from the judgment of deficiency entered against them after the sale of a repossessed manufactured home under an installment contract. On appeal, Debtors argue the trial court erred in finding Reno Financial, LTD. ("Creditor") was entitled to a deficiency judgment because actual notice of sale was not given to them. We reverse.

Debtors entered into an installment sales contract to purchase a manufactured home from Monty's Manufactured Homes ("Monty's") located in Cape Girardeau, Missouri. Monty's sold and assigned all interest it held pertaining to the contract between Monty's and Debtors to Creditor. Under the terms of the installment contract, Creditor was given the right to repossess the property if Debtors failed to make any payment or abandoned the property. Debtors defaulted on the contract in November 2004, and subsequently abandoned the manufactured home in December 2004.

Creditor repossessed the manufactured home in January 2005. In January and February 2005, Creditor published notice and solicited bids for a repossession sale.

Debtors were not sent notice of the repossession sale. The repossession sale was held on February 15, 2005 and the property was sold for $8,000.00. The outstanding loan amount at the time of the repossession sale was $17,176.09, leaving a deficiency of $9,176.09. Creditor filed suit against Debtors to recover the deficiency based on the terms of the installment contract. The trial court found that Debtors were indebted to Creditor in the amount of $9,176.09. In addition, the trial court awarded Creditor attorney's fees in the amount of $470.00. This appeal follows.

We review this court-tried case pursuant to the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Consumer Finance Corp. v. Reams*, 158 S.W.3d 792, 795 (Mo.App. W.D.2005). We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or misapplies the law. *Id.* We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding contrary evidence and inferences. *Id.*

In their sole point, Debtors argue the trial court erred in entering the deficiency judgment on the loan agreement because Creditor failed to provide notice of the sale of the manufactured home under Section 400.9–611, RSMo Cum.Supp.2006,[1] which governs a secured party's right to sell or otherwise dispose of collateral after a debtor has defaulted. Debtors contend Creditor was barred from a deficiency judgment because they did not receive actual notice

---

1. Unless otherwise indicated, all further statutory references are to RSMo. Cum.Supp.2006. Article 9 of the Uniform Commercial Code ("U.C.C.") which has been adopted and codified by many states employs very similar language relating to notice requirements and exceptions to such requirements. Missouri has codified the U.C.C.'s notice requirements in Section 400.9–611.

of sale as required by Section 400.9–611. We agree.

■■■ Compliance with the notice provision of Section 400.9–611 is a prerequisite to recovery of a deficiency judgment after resale of collateral. *See McKesson Corp. v. Colman's Grant Village, Inc.,* 938 S.W.2d 631, 633 (Mo.App. E.D.1997).[2] "Notice is required in order to apprise a debtor of the details of a sale so that he may take whatever action necessary to protect himself." *Id.citing Chrysler Capital Corp. v. Cotlar,* 762 S.W.2d 859, 861 (Mo.App. E.D.1989). A secured party's failure to give reasonable notice of the sale of collateral as mandated by statute precludes that party from obtaining a deficiency judgment. *Id.*

Section 400.9–611 provides in pertinent part:

(b) Except as otherwise provided in subsection (d), a secured party that disposes of collateral under section 400.9–610 shall send to the persons specified in subsection (c) a reasonable authenticated notification of disposition.

(c) To comply with subsection (b), the secured party shall send an authenticated notification of disposition to:

(1) The debtor;

* * *

(d) Subsection (b) does not apply if the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market.

It is undisputed that Debtors did not receive notice of the repossession sale. However, Creditor argues manufactured homes are exempt from the notice requirements of the Section 400.9–611(b) because manufactured homes fall under the "recognized market" and the "speedily" declining value exceptions in Section 400.9–611(d). We are not persuaded by Creditor's argument.

■■■ First, we do not believe manufactured homes fit under the definition of a "recognized market." A review of Creditor's use of the term "recognized market" is inconsistent with the definitions as stated in the Missouri Statutes. V.A.M.S. 400.9–610, Note 9 states:

A "recognized market" as used in … Section 9–611(d), is one in which the items sold are fungible and prices are not subject to individual negotiation. For example, the New York Stock Exchange is a recognized market. A market in which prices are individually negotiated or the items are not fungible is not a recognized market, even if the items are the subject of widely disseminated price guides or are disposed of through dealer auctions.

While there are no Missouri cases directly on point with regard to whether manufactured homes meet the "recognized market" exception to the UCC's notice requirements, other jurisdictions have consistently construed "recognized market" very narrowly to mean stocks, bonds, and commodities. *See Nationsbank v. Clegg,* 1996 WL 165513, at 4 (Tenn. Ct.App. April 10, 1996)(car does not fall under the "recognized market" exception); *Kitmitto v. First Pa. Bank, N.A.,* 518 F.Supp. 297, 302 (E.D.Pa.1981)(privately held stock); *Bankers Trust Co. v. J.V.Dowler Co.,* 390 N.E.2d 766, 769 (N.Y.App.Div.1979)(municipal bonds).

■■■ Second, we do not believe a manufactured home is collateral which threatens to decline "speedily" in value. Creditor

**2.** Article 9 was amended in 2001. The comparable provisions to Section 400.9–504(3) are now found in Sections 400.9–610 and 400.9–611.

elicited testimony at trial that manufactured homes are "perishable or threaten to decline speedily in value" therefore implying that manufactured homes are exempt from the notice provisions under Section 400.9–611. This issue was specifically addressed in *Stensel v. Stensel,* 63 Ill.App.3d 639, 20 Ill.Dec. 548, 380 N.E.2d 526, 528 (1978). In *Stensel,* the court held, "We are not persuaded that a mobile home is collateral which 'threatens to decline speedily in value.'" *Stensel,* 20 Ill.Dec. 548, 380 N.E.2d at 528.[3] The court added: "In our opinion, that application of this provision to chattel property would be a rarity. Its obvious intent was to apply to securities in a rapidly falling market, or any other item, such [as] gold bullion, which is subject to price fluctuations on a daily basis." *Id.*

Other jurisdictions have similarly held that, just as any other collateral, the sale of a repossessed mobile home requires proper notice. *See Stoppi v. Wilmington Trust Co.,* 518 A.2d 82, 86 (Del.1986)(holding that the secured party had a duty to send the debtor written notification of the impending sale or disposition of the collateral); *see also Brockbank v. Best Capital Corp.,* 341 S.C. 372, 534 S.E.2d 688, 695 (2000). In *Brockbank,* the court held that

> co-obligators or guarantors in an installment sales contract for a mobile home are entitled to notice [of the repossession sale].... Even if we assume, without deciding, that Debtor abandoned the mobile home, notice is still required. Abandonment or voluntary surrender of the collateral by the debtor to the creditor does not waive the debtor's right to notice of resale of the collateral, and the statutory notice provision may not be waived or varied except in writing after default.

534 S.E.2d at 694–695. While cases dealing specifically with U.C.C. notice requirements in the context of manufactured homes are limited, courts generally hold that a secured creditor's failure to give notice as required under the U.C.C. prior to disposition of collateral precludes or limits the creditor's right to recover a deficiency judgment. *Stoppi,* 518 A.2d at 86; *Id.* In the case at bar, because the manufactured home is not perishable, not likely to decline speedily in value, or of a type sold on a recognized market, the property at issue did not fall under the notice exceptions in Section 400.9–611(d).

We need not address Creditor's argument concerning whether the sale of the manufactured home was commercially reasonable because Creditor failed to meet the notice requirement, which is a prerequisite to the sale of collateral and to obtaining a deficiency judgment. *McKesson Corp.,* 938 S.W.2d at 633. Moreover, Creditor's reliance on *Citizens Nat. Bank v. Robertson,* 101 S.W.3d 302 (Mo.App. E.D.2003), which dealt with the issue of commercial reasonableness after the secured party sent a written notice of sale to the debtor, is misplaced.

The trial court erred in finding Creditor was entitled to a deficiency judgment because actual notice of sale was not given to Debtors as is required under both the U.C.C. and Missouri law. The judgment of the trial court is reversed.

GEORGE W. DRAPER III, P.J. and PATRICIA L. COHEN, J., concur.

---

**3.** We find the analysis for mobile homes substantially similar to that for manufactured homes.