GEORGE W. DRAPER III, Judge.
I concur with the principal opinion’s holding that summary judgment was not appropriate with respect to Watson’s wrongful foreclosure allegations. I respectfully dissent however, from the prin *409 cipal opinion’s holding concerning Watson’s loan modification allegations. Under these facts, and given Wells Fargo’s position as the original loan servicer for the initial mortgage loan, clearly the loan modification was “in connection with” the original loan. The principal opinion holds that because Wells Fargo was not enforcing the original loan terms when it negotiated Watson’s loan modification, its actions were not “in connection with” the sale of the original mortgage loan. I believe the principal opinion has construed the phrase “in connection with the sale” incongruously to this Court’s holding in Conway v. CitiMortgage Inc., 438 S.W.3d 410 (No. SC93951) (Mo. banc 2014), decided today, and this holding amounts to a distinction without a difference. Such a narrow reading permits an original loan servicer, Wells Fargo, to escape liability for its bad faith negotiations that had a relationship to the refinancing of the original loan and the execution of the foreclosure that cost Watson her home.
The purpose of the MMPA is the protection of consumers. Huch v. Charter Commc’ns, Inc., 290 S.W.3d 721, 724 (Mo. banc 2009).The MMPA was enacted to “supplement the definitions of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions.” Chochorowski v. Home Depot U.S.A., 404 S.W.3d 220, 226 (Mo. banc 2013). “The statute ... paint[s] in broad strokes to prevent evasion thereof due to overly meticulous definitions.” Schuchmann v. Air Servs. Heating & Air Conditioning, Inc., 199 S.W.3d 228, 233 (Mo.App. S.D.2006).
Section 407.020.1, RSMo 2000, provides that “any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale ... of any merchandise ... is declared to be an unlawful practice.” (Emphasis added). Moreover, “[a]ny act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.” Id. (Emphasis added).
In Conway, the principal opinion finds that the phrase “in connection with” the sale means there must be a relationship between the sale of merchandise and the alleged unlawful action. Conway, 438 S.W.3d at 414. Specifically, the plaintiffs had to allege a relationship between the foreclosure actions and the original loan to prevail under the MMPA. Id. at 414-15. This Court held that, “[f]or the purposes of the MMPA, a loan is an agreed upon bundle of services being ‘sold’ by the lender to the borrower, and the ‘sale’ of the loan lasts until the last service is performed or the loan is repaid. ” Id. at 412 (Emphasis added). “As long as the plaintiff alleges that the misconduct occurred in connection with the services that comprise the ‘sale’ of a loan, the actor can be liable under the MMPA.” Id.
The principal opinion found Conway did not apply in Watson’s ease because the bad faith negotiations Wells Fargo engaged in were not pursuant to the terms of the loan because the deed of trust specifically stated there was no obligation to engage in renegotiations of the financing terms. The principal opinion found Wells Fargo was not enforcing the original terms of the loan, but rather was contemplating a new agreement. Therefore, the principal opinion reasons Wells Fargo’s actions were not “in connection with” the original sale of the mortgage loan.
While the terms of the original mortgage loan did not contain an obligation to renegotiate the financing terms, Wells Fargo chose to do so as part of its “bundle *410 of services,” going so far as to execute a binding loan modification. Even if one were to accept the premise that the parties were contemplating a new agreement, Wells Fargo still had an obligation under the MMPA to avoid engaging in deception, fraud, false pretense, false promise, or misrepresentation with respect to those negotiations. There is no way to work around the fact that the new agreement would have been “in connection with” the original loan as was the case in Conway. Conway further explained that the “sale” continues throughout the time the borrower is making payments on the loan and lasts until the last service is performed or the loan is repaid. Here, Watson still was receiving the “bundle of services” that were “in connection with” the original loan because she had not successfully refinanced the terms of her loan during the negotiations. Moreover, Wells Fargo had not performed “the last service,” nor had Watson repaid the loan during the loan modification negotiations. Therefore, I believe the “sale” continued throughout the loan modification process, and, as such, Watson demonstrated the loan modification process was “in connection with the sale” for purposes of demonstrating a violation of the MMPA.
Accordingly, I believe the circuit court erred in entering summary judgment in Wells Fargo’s favor on Watson’s loan modification allegations. I would reverse the circuit court’s judgment and remand the case for further proceedings on all of the allegations raised in Watson’s petition.