

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| AVERY CONTRACTING, LLC, | ) | No. ED101592 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | |
| RICHARD NIEHAUS, LISA J. NIEHAUS | ) | Honorable Nathan B. Stewart |
| ALICIA NIEHAUS, CREEKSTONE | ) | |
| HOMEOWNERS ASSOCIATION, and | ) | |
| MISSOURI HIGHWAYS AND | ) | |
| TRANSPORTATION COMMISSION, | ) | |
| | ) | |
| Respondents. | ) | FILED: April 14, 2015 |

### Introduction

Appellant Avery Contracting, LLC ("Avery") appeals from the judgment of the trial court dismissing its lawsuit against Respondent Missouri Highways and Transportation Commission ("MHTC") and Respondents Richard, Lisa, and Alicia Niehaus and Creekstone Homeowners Association (collectively referred to as "the Creekstone parties"). Avery filed a petition in the trial court seeking the creation of a private roadway through neighboring property in order to provide access from a landlocked parcel owned by Avery to a public road, Route M. Because Avery failed to

allege all of the required elements to establish a cause of action under Section 228.342[1] for a private roadway of necessity, we affirm the judgment of the trial court granting the Creekstone parties' motion to dismiss. Because Chapter 228 does not allow for the establishment of a private roadway of necessity over public land, we affirm the judgment of the trial court granting MHTC's motion to dismiss.

### Factual and Procedural History

In 1995, the Raebel Living Trust ("the Raebel Trust") owned a parcel of real estate located in Jefferson County. That same year, MHTC brought an action in eminent domain to condemn certain property interests in the parcel. The MHTC sought to acquire the land for a highway construction project on Route M. On December 4, 1995, the Jefferson County Circuit Court entered an order of condemnation ("the Raebel Condemnation"). Pursuant to the Raebel Condemnation, MHTC acquired land and access rights from the Raebel Trust. Specifically, MHTC acquired nearly 15 acres of land and a permanent easement. The Raebel Condemnation left the Raebel Trust with a roughly 50-acre landlocked parcel of land ("the Property"). MHTC also acquired all access rights to the Property, as the Raebel Condemnation ordered that all direct access from the Property to Route M was "prohibited or limited" upon acquisition by MHTC. The Raebel Trust received $494,340 in compensation for the land and property rights ceded to MHTC in the Raebel Condemnation. All parties agree that the Raebel Condemnation left the Property without access to any public road.

In 2003, the Raebel Trust conveyed its remaining interests in the Property to Mullins Custom Homes, LLC by warranty deed. In 2013, Mullins Custom Homes, LLC conveyed the Property to Avery by general warranty deed.

After acquiring the Property but prior to filing the instant suit, Avery met informally with representatives of MHTC to discuss the possibility of obtaining access to Route M from the Property.

---

[1] All statutory references are to RSMo. 2000.

Avery left the meeting with a belief that his request to obtain access to Route M from the Property had been denied. MHTC has a formal permit process to review and consider requests for access to public roadways from neighboring properties. Avery never applied for such a permit.

Avery subsequently filed a petition in the Circuit Court of Jefferson County against the Creekstone parties and MHTC seeking the establishment of a private roadway of necessity to allow the Property access to Route M. In Count I of its petition, Avery asserted a claim against the Creekstone parties for the establishment of a private road pursuant to Section 228.342, which provides for the establishment or widening of a private road upon a showing of strict necessity. In Count II, Avery re-alleged and reasserted the same claim against MHTC, requesting that MHTC provide Avery with a private road from the Property to Route M. Avery's petition sought to establish a single private road that would be constructed on property owned by both the Creekstone parties and MHTC. Avery alleged that the requested private road would run over the portion of Lot 3 held by MHTC, as well as over property within Creekstone subdivision owned by the Creekstone parties.

Avery alleged in its petition that Mullins Custom Homes, LLC conveyed the Property to Avery in 2013. Avery further alleged that the Property "is located adjacent to Relocated Route M," and that the Raebel Condemnation "prohibited or limited" all abutter's rights of access to Route M from the Property. Finally, Avery alleged that the Property "has no recorded means of ingress or egress to a public road," that the Property "has no recorded legal right of access… to a public road," that "there is an absence of a reasonably practical way to and from the [Property] to a public road," and that "[t]he establishment of the private road petitioned for is a way of strict necessity."

In Count II of its petition, Avery also requested a declaratory judgment requiring MHTC to provide it limited access to Route M under the theory that MHTC has no authority to completely prohibit Avery's access to the Property. Specifically, Avery alleged that nothing in the Missouri

3

Constitution gives MHTC the authority to "completely prohibit access to, from and across state highways so as to completely and permanently land lock" real estate. Avery further alleged that the Raebel Condemnation was vague, uncertain, and irregular because the language "prohibiting or limiting" direct access from the Property to Route M is ambiguous.

Both the Creekstone parties and MHTC filed motions to dismiss Avery's petition for failure to state a claim upon which relief can be granted pursuant to Rule 55.27.[2] The Creekstone parties specified four grounds in support of their motion to dismiss: first, that Avery's petition fails to state a claim upon which relief can be granted; second, that Avery's claim is barred by the doctrine of *res judicata*; third, that Avery's claim is barred by the statute of limitations; and fourth, that Avery's claim is not ripe for adjudication. MHTC offered two grounds in support of its motion to dismiss: first, that MHTC is not subject to the provisions of Chapter 228, including Section 228.342 which allows the establishment of a private roadway upon a showing of strict necessity; and second, that MHTC was not required to provide Avery access to Route M because the Raebel Condemnation previously determined Avery's access rights to Route M.

The trial court conducted a hearing on the motions to dismiss. Following the hearing, the trial court granted both motions to dismiss without prejudice. The trial court's judgment did not specify its grounds for granting the motions to dismiss. This appeal follows.

Points on Appeal

Avery presents eight points on appeal. Avery's first four points on appeal challenge the trial court's judgment granting the Creekstone parties' motion to dismiss. Avery's remaining four points on appeal address the trial court's judgment granting MHTC's motion to dismiss.

---

[2] All rule references are to Mo. R. Civ. P. (2014).

**1. Creekstone Parties**

In its first point on appeal, Avery asserts that the trial court erred in granting the Creekstone parties' motion to dismiss on any ground that Avery failed to allege that no public road passes through or alongside the Property. Avery maintains that Section 228.342 does not require him to plead such facts, and that he sufficiently states a cause of action by pleading that it has no access to public roads. In its second point on appeal, Avery argues that the trial court erred in granting the Creekstone parties' motion to dismiss on any ground that Avery's claims are barred by the doctrine of *res judicata* because no counterclaim for a private road could have been raised in the prior condemnation case. In its third point on appeal, Avery contends that its claims are not barred by the statute of limitations because a way of necessity is an appurtenant right that runs with the land and cannot be extinguished so long as the necessity continues to exist. Lastly, Avery challenges the trial court's dismissal of its claims against the Creeksone parties on the ground that Avery's petition is not ripe for adjudication because the issues presented in Count I of Avery's petition are appropriate for judicial determination and the hardship on Avery caused by dismissal is obvious, imminent, and certain.

**2. MHTC**

With regard to the trial court's dismissal of its claims against the MHTC, Avery first argues that the trial court erred in granting MHTC's motion to dismiss on any ground that MHTC is not subject to the provisions of Chapter 228 allowing for the establishment of a private roadway in cases of strict necessity. Avery next argues that the trial court erred in granting MHTC's motion to dismiss on any ground relating to the prior condemnation of the property at issue because the prior condemnation did not give MHTC the right to completely land lock the condemned Property and permanently deprive the condemned property of access to public roads. In its seventh point on

appeal, Avery asserts that the trial court erred in dismissing its petition on any purported basis that Avery failed to exhaust its administrative remedies because no such requirement exists given the facts of this case.  In its final point on appeal, Avery asserts that the trial court erred in dismissing its petition on any purported basis that the "subdivision road exemption" in Section 228.341 applies because said exemption is not applicable if the private road can be described by metes and bounds without reference to any subdivision plat, declaration, or indenture.

## Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*.  Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 413 (Mo. banc 2014).  A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition.  Id. at 413-14.  We will review the petition in an almost academic manner to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case.  Id. at 414.  We assume as true the facts alleged in the petition and liberally construe such facts in favor of the plaintiff.  Id.

When the trial court does not specify its reasons for dismissing a petition, we presume the court acted for one of the reasons stated in the motion to dismiss.  City of Chesterfield v. DeShetler Homes, Inc., 938 S.W.2d 671, 673 (Mo. App. E.D. 1997).  Accordingly, we will affirm the order of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground.  Id.

## Discussion

As a threshold matter, we consider MHTC's motion to dismiss Avery's appeal based upon the "general rule" that a judgment of dismissal without prejudice is not a final judgment from which an appeal may be taken.  The Missouri Supreme Court recently questioned the existence of this "general rule," stating that "It is unclear to what extent, if any, this "general rule" ever was followed.  Over time, however, exceptions seemed to have swallowed all or nearly all of whatever rule once might

6

have existed." Naylor Senior Citizens Hous., LP v. Sides Const. Co., Inc., 423 S.W.3d 238, 243 (Mo. banc 2014). Regardless of whether the "general rule" exists, Missouri courts have long recognized that a dismissal without prejudice is a final judgment for purposes of appeal if the dismissal decides an issue with preclusive effect. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. banc 1997). This exception squarely applies to the trial court's judgment in this case. The trial court dismissed Avery's petition on the grounds that the petition failed to state a claim against the Creekstone parties and MHTC. The trial court's judgment has the practical effect of ending Avery's claims given the particular facts before us. Avery is unable to correct the deficiency of its petition by amending the petition to allege that no public road passes through or alongside the Property or that MHTC is subject to the provisions of Chapter 228. Given the practical finality of the trial court's judgment, we hold the judgment of dismissal without prejudice to be a final appealable order. Accordingly, MHTC's motion to dismiss Avery's appeal is denied.

## I. The trial court properly dismissed the petition against the Creekstone parties.

Avery petitioned the trial court for the establishment of a private roadway of necessity pursuant to Section 228.342. Generally, "proceedings to acquire a private way over the lands of another are against the common law and the common rights" and must be strictly construed. Anderson v. Mantel, 49 S.W.3d 760, 765 (Mo. App. S.D. 2001). Section 228.342 provides a specific statutory cause of action enabling landowners to acquire private ways of necessity over the property of others, provided the requirements of the statute are met. Section 228.342 allows for the establishment or widening of a private road in favor of an owner of real property for which there is no access to a public road, so long as the private road is a way of strict necessity. See, e.g., Johnston v. Shoults, 160 S.W.3d 440 (Mo. App. S.D. 2005). Section 228.342 provides:

> A private road may be established or widened in favor of any owner or owners of real property for which there is no access, or insufficiently wide access, from such property to a

7

public road if the private road sought to be established or widened is a way of strict necessity. As used in this section, the term "strict necessity" shall include the necessity to establish or widen a private road in order to utilize the property for the uses permitted by law.

Section 228.342. Under established Missouri precedent, in order to state a claim for the establishment of a private roadway under Section 228.342, Avery must allege 1) that Avery owns the Property, 2) that no public roads pass through or alongside the Property, and 3) that the private road petitioned for is mandated by strict necessity. Short v. S. Union Co., 372 S.W.3d 520, 530 (Mo. App. W.D. 2012). Avery does not allege in its petition that no public road passes through or alongside the Property. In fact, Avery alleges the opposite – that the Property "is located adjacent to Relocated Route M in Jefferson County, Missouri."

The question before us is whether the legislative revision made to Section 228.342 alters the pleading requirement recognized by Missouri courts to state a claim for the establishment of a private roadway pursuant to this statute. We hold that it does not.

The establishment of private ways of necessity was previously governed by Section 228.340. Section 228.340 provided, in relevant part:

> If any person of this state shall file a verified petition in the circuit court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county, or in an adjoining county in this state, *and that no public road passes through or alongside said tract or lot of land*, and asking for the establishment of a private road from his or her premises, to connect at some convenient point with some public road of the county, or with any road for the state highway system within the county... Section 228.340 (emphasis added).

Section 228.340 was repealed in 1991 and replaced by Section 228.342. As previously noted, the language of Section 228.342 allows for the establishment of a private roadway to "owners of real property for which there is no access." Avery maintains that the attendant change in statutory language necessitates a corresponding change in the pleading requirements to state a cause of action for the establishment of a private road. Specifically, Avery posits that the petition at issue expressly alleges its ownership of the Property and the Property's lack of any legal right of access, which is all

that is required to plead a claim for the establishment of a private road under Section 228.342.  Avery reasons that the repeal of Section 228.340 and subsequent enactment of Section 228.342[3] eliminates the pleading requirement that "no public road pass through or alongside the Property at issue."

While Avery presents an argument which, upon initial review, appears persuasive, we reject Avery's argument given the clear direction provided by Missouri courts since the repeal of Section 228.340 and subsequent enactment of Section 228.342.  Although the statutory language of Section 228.342 differs from that of Section 228.340, Missouri courts have consistently held that a plaintiff must plead the same three elements that were required under Section 228.340 in order to state a cause of action under Section 228.342.   As the Western District explained in Short v Southern Union Co., "Missouri courts have consistently interpreted section 228.342 to require a plaintiff to 'show that he owns the land, that there exist no public roads through or alongside the land and that the private road petitioned for is mandated by strict necessity.'"  Short, 372 S.W.3d at 530 (quoting Blue Pool Farms, LLC v. Basler, 239 S.W.3d 687, 690 (Mo. App. E.D. 2007)); see also Baetje v. Eisenbeis, 296 S.W.3d 463, 469 (Mo. App. E.D. 2009); Shoults, 160 S.W.3d at 442 (stating the same three required elements for a cause of action under Section 228.342).  The court in Short further explained why the three required elements have remained unchanged despite the change in statutory language: "[t]his principle simply restates, of course, the criteria described in the *first sentence* of section 228.342."  Short, 372 S.W.3d at 530.  Missouri courts have consistently equated the "lack of access" of Section 228.342 with the "lack of a public roadway passing through or alongside the property" of Section 228.340.  We will not stray from this interpretation of Section 228.342.

---

[3] Avery alleged in the petition that the Property "has no recorded means of ingress or egress to a public road," that the Property "has no recorded legal right of access… to a public road," and that "there is an absence of a reasonably practical way to and from the [Property] to a public road," (LF 8, 14).  Avery argues that these allegations sufficiently plead the lack of any "legal right of access" now required under Section 228.342.

Our review of whether a petition fails to state a claim upon which relief can be granted requires us to consider the pleadings, allowing them their broadest intendment, and accepting as true the facts as pleaded with all reasonable inferences arising therefrom. Norber v. Marcotte, 134 S.W.3d 651, 657 (Mo. App. E.D. 2004). The issue to be decided is whether the pleading invokes principles of substantive law entitling the party to relief. Williams v. Belgrade State Bank, 953 S.W.2d 187, 189 (Mo. App. S.D. 1997). Even allowing the allegations in Avery's petition their broadest intendment, the petition simply does not allege that no public road passes through or alongside the Property. Avery's failure to plead this required element is fatal to its petition. Avery has failed to state a claim under Section 228.342 upon which relief can be granted. We fully recognize the implication of this holding on Avery's claim, as Avery acknowledged during oral argument that it is unable to honestly plead such an allegation because Route M does run alongside the Property, although Avery lacks access to Route M as a result of the Raebel Condemnation. We recognize the pleading dilemma faced by Avery given the particular facts before us, and are persuaded that this matter may be appropriate for review by our Supreme Court. However, adhering to the firmly established principle of stare decisis, we are unwilling to disregard the clearly stated precedent found in judicial opinions in each of the three districts of our Court.

Accordingly, the trial court did not err in granting the Creekstone parties' motion to dismiss Avery's petition. Because we will affirm the trial court's order of dismissal if any ground supports the decision, our holding is dispositive of Avery's first four points on appeal challenging the Creekstone parties' motion to dismiss. The judgment of the trial court granting the Creekstone parties' motion to dismiss without prejudice is affirmed.

## II. The trial court properly dismissed the petition against MHTC.

Avery's petition also asserts a claim for the establishment of a private way of necessity against MHTC pursuant to the provisions of Chapter 228, specifically, under Section 228.342. MHTC argues that it is not subject to the provisions of Chapter 228 or Section 228.342, and therefore cannot be compelled to provide Avery with a private roadway over public property. MHTC notes that while the provisions of Chapter 228 allow for the establishment of a private road of necessity over the property owned by an adjacent private property owner, no statutory cause of action allows a landowner to acquire public property to create a private way of necessity. We agree.

MHTC is a department of the executive branch of the state government. Missouri Highway & Transp. Comm'n v. Kansas City Cold Storage, Inc., 948 S.W.2d 679, 682 (Mo. App. W.D. 1997). All of MHTC's property interests are publicly held; MHTC does not own private property or private property interests.

Article I, Section 28 of the Missouri Constitution addresses the limitations on the taking of private property for private use, including the taking of private property for private roadways of necessity. Mo. Const. art. I, section 28. Chapter 228 implements the limitations expressed in Article I, Section 28. See State ex rel. Missouri Highway & Transp. Comm'n v. Davis, 849 S.W.2d 704, 705 (Mo. App. E.D. 1993). In particular, Sections 228.340 through 228.374 include provisions for the establishment and maintenance of private roads, with Section 228.342 governing the establishment of private roadways of necessity. The plain language of Article I, Section 28 and Section 228.342 relates solely to the taking of *private property* for private uses. Article I, Section 28 provides in relevant part:

> That *private property* shall not be taken for private use with or without compensation, unless by consent of the owner, except for private ways of necessity, and except for drains and ditches across the lands of others for agricultural and sanitary purposes, in the manner prescribed by law. Mo. Const. art. I, section 28. (emphasis added)

11

Similarly, Section 228.342 allows only for the establishment or widening of a "private road." No other provision in Chapter 228 provides a statutory cause of action allowing the establishment of a private roadway of necessity over public property. While Chapter 228 allows property owners to acquire private property from private property owners to establish private ways of necessity, the language of Chapter 228 does not create a similar right of owners of private property to take *public* property to establish private ways of necessity.

Avery has provided this court with no judicial authority supporting its argument that publicly owned land is subject to the taking authority of Chapter 228. Similarly, our review of Missouri case law has not revealed any support for applying Chapter 228 generally, or Section 228.342 specifically, to takings of public property for the purpose of creating a private way of necessity for a private landowner. This appeal therefore presents an issue of first impression.

We have found no circumstances in which Section 228.342 or its predecessor has been applied to compel the creation of a private roadway benefitting a private landowner over public land. To do so runs contrary to the plain language of both Article I, Section 28 of the Missouri Constitution and Section 228.342. We find no support for the proposition that Chapter 228 allows the taking of public land for the purposes of establishing private roadways of necessity, and hold that it does not. MHTC is simply not an appropriate party against which Avery may bring such an action under the current statutory scheme. Accordingly, Avery fails to state a claim against MHTC upon which relief can be granted, and the trial court did not err in granting MHTC's motion to dismiss Avery's petition. Because we will affirm the trial court's order of dismissal if any ground supports the decision, our holding is dispositive of Avery's last four points on appeal challenging the MHTC motion to dismiss. The judgment of the trial court granting MHTC's motion to dismiss without prejudice is affirmed.

12

While having no effect on our above holding, we additionally reject Avery's second argument advanced in Count II of its petition and reflected in its sixth point on appeal that MHTC is required to provide Avery with access to Route M. Avery's predecessor-in-interest to the Property, the Raebel Trust, received $494,340 in compensation in exchange for MHTC's taking and its subsequent access restriction of the Property. The Raebel Condemnation specified that all abutter's rights of direct access to Route M were "herewith prohibited or limited." MHTC's power to restrict access to a public road as part of a condemnation proceeding, pursuant to its constitutional eminent domain authority, is well-established. See, e.g., State ex rel. Missouri Highway & Transp. Comm'n v. Perigo, 886 S.W.2d 149, 152-53 (Mo. App. S.D. 1994). Avery was fully aware of the Raebel Condemnation at the time Avery acquired the Property, and cannot now seek to reverse the effects of the lawful and proper condemnation that resulted in the Property's lack of access to a public road.

## Conclusion

The judgment of the trial court granting MHTC's motion to dismiss and the Creekstone parties' motion to dismiss is affirmed.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

13