

# SUPREME COURT OF MISSOURI
## en banc

AVERY CONTRACTING, LLC,    )
    )
             Appellant,    )
    )
v.    )    No. SC95064
    )
RICHARD NIEHAUS, LISA J. NIEHAUS,    )
ALICIA NIEHAUS, CREEKSTONE    )
HOMEOWNERS ASSOCIATION, AND    )
MISSOURI HIGHWAYS AND    )
TRANSPORTATION COMMISSION    )
    )
             Respondents.    )

### APPEAL FROM THE CIRCUIT COURT OF JEFFERSON COUNTY
**Honorable Nathan B. Stewart, Judge**

*Opinion issued June 28, 2016*

Avery Contracting, LLC (Avery) appeals from a judgment dismissing its petition for a private way of necessity over properties owned by Richard, Lisa, and Alicia Niehaus, the Creekstone Homeowners Association (collectively, the Creekstone parties), and the Missouri Highways and Transportation Commission (MHTC). Avery's claim against the Creekstone parties is barred by section 228.341,[1] which, in part, provides that the statutes authorizing private ways of necessity do not apply to roads created by or included in a recorded plat referencing a declaration creating an owner's association.

---

[1] All statutory references are to RSMo. Supp. 2012.

Avery's claim against MHTC is barred because the statutes authorizing private ways of necessity do not authorize the private condemnation of public property. The judgment is affirmed.

## Facts

Avery alleges that in 1995, the Raebel Living Trust (Raebel Trust) owned land (the Property) located adjacent to Route M, a public road. In 1996, the circuit court of Jefferson County entered an order of condemnation awarding MHTC a portion of the Property. The condemnation order stated that all abutter's rights of direct access to the adjacent Route M were "herewith prohibited or limited."

Avery purchased the Property in 2013. Avery then filed a petition against the Creekstone parties and MHTC to establish a private access road pursuant to section 228.342, which provides for the establishment or widening of a private road upon a showing of strict necessity. Avery alleged that the Property is adjacent to Route M and, as a result of the Raebel condemnation, "has no recorded means of ingress or egress to a public road." Avery further alleged that "there is an absence of a reasonably practical way to and from the [Property] to a public road" and that "[t]he establishment of the private road petitioned for is a way of strict necessity."

Avery's petition requested that the circuit court establish a 40-foot wide private road generally following Creekstone Drive and exiting onto Moss Hollow Road, which Avery alleged is a public road. Creekstone Drive runs from Moss Hollow Road, through the Creekstone subdivision, and ends in a cul de sac. Avery requested that the road begin on property owned by the Creekstone parties, cross into "the cul de sac bowl of

2

Creekstone Drive," follow the general location of Creekstone Drive, and end at the intersection of Moss Hollow Road and property owned by MHTC.[2] Avery alleged that Creekstone Drive is described in a recorded subdivision plat referencing a declaration creating an owner's association.

Avery also requested a declaratory judgment requiring MHTC to provide limited access to Route M under the theory that MHTC has no authority to completely prohibit Avery's access to the Property. Specifically, Avery alleged that nothing in the Missouri Constitution gives MHTC the authority to "completely prohibit access to, from and across state highways so as to completely and permanently land lock" real estate. Avery further alleged that the Raebel condemnation was vague, uncertain, and irregular because the language "prohibiting or limiting" direct access from the Property to Route M is ambiguous.

The Creekstone parties and MHTC filed motions to dismiss Avery's petition pursuant to Rule 55.27 for failure to state a claim upon which relief can be granted. The Creekstone parties asserted that the petition should be dismissed because: (1) Avery's petition fails to state a claim upon which relief can be granted because Avery's petition alleges that the Property is located adjacent to a public road; (2) Avery's claim is barred by the doctrine of res judicata; (3) Avery's claim is barred by the statute of limitations; and (4) Avery's claim is not ripe for adjudication because the court could order MHTC to provide an access road to Route M. MHTC asserted that Avery's petition should be

---

[2] See the aerial photograph at the end of this opinion depicting the location of the properties owned by the parties and the location of Creekstone Drive.

dismissed because MHTC is not subject to the private way of necessity provisions in chapter 228 and because Avery acquired the Property subject to the access restrictions set forth in the Raebel condemnation.

The trial court conducted a hearing on the motions to dismiss and dismissed Avery's petition without prejudice without specifying the grounds for dismissal. Avery raises eight points on appeal. As established below, the motions to dismiss raise valid grounds for dismissal, and it is, therefore, unnecessary to address each of Avery's points on appeal.

## Standard of Review

A judgment dismissing an action for failure to state a claim upon which relief can be granted is subject to *de novo* review. *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 413 (Mo. banc 2014). A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition. *Id.* at 413-14. An appellate court reviews the petition to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case. *Id.* at 414. The facts alleged are assumed to be true and all inferences from those facts are construed broadly in favor of the plaintiff. *Id.* A judgment of dismissal will be affirmed if it is supported by any ground raised in the motion to dismiss. *Dujakovich v. Carnahan*, 370 S.W.3d 574, 577 (Mo. banc 2012).

When, as in this case, the circuit court does not specify reasons for dismissing a petition, an appellate court presumes that the circuit court's judgment is based on one of the reasons stated in the motion to dismiss. *City of Chesterfield v. DeShetler Homes, Inc.,*

4

938 S.W.2d 671, 673 (Mo. App. 1997). Accordingly, this Court will affirm a judgment of dismissal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Id.*

## Analysis

"Prior to reaching the merits of the issues in this case, this Court must determine, *sua sponte*, if there is a final judgment." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). The circuit court dismissed Avery's petition without prejudice. This Court has referred to a "general rule" holding that a dismissal without prejudice does not yield a final, appealable judgment. *Naylor Senior Citizens Hous., LP v. Side Const. Co., Inc.*, 423 S.W.3d 238, 243 (Mo. banc 2014). Nonetheless, an appeal from a dismissal without prejudice "can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

The judgment in this case has the practical effect of terminating Avery's suit to establish a private way of necessity along Creekstone Drive and over property owned by MHTC. As established below, section 228.341 precludes Avery's proposed road over Creekstone Drive as a matter of law, and Avery may not condemn a private way of necessity over property owned by MHTC. Therefore, this Court declines to dismiss the appeal for lack of an appealable judgment.

5

I. The trial court properly dismissed the petition against the Creekstone parties.

Avery petitioned the trial court for the establishment of a private roadway of necessity pursuant to section 228.342, which provides:

> A private road may be established or widened in favor of any owner or owners of real property for which there is no access, or insufficiently wide access, from such property to a public road if the private road sought to be established or widened is a way of strict necessity. As used in this section, the term "strict necessity" shall include the necessity to establish or widen a private road in order to utilize the property for the uses permitted by law.

The availability of a private road pursuant to section 228.342 is specifically limited by section 228.341. In pertinent part, section 228.341 provides: "[n]othing in sections 228.341 to 228.374 shall be deemed to apply to any road created by or included in any recorded plat referencing or referenced in an indenture or declaration creating an owner's association, regardless of whether such road is designated as a common element." Although section 228.341 unequivocally provides that "nothing" in sections 228.341 to 228.374 applies to roads such as Creekstone Drive, Avery's petition, nonetheless, expressly requests the application of the statutes to establish a private access road along Creekstone Drive. Consequently, the trial court did not err by sustaining the Creekstone parties' motion to dismiss Avery's petition to establish a private road along Creekstone Drive.

II. The trial court properly dismissed the petition against MHTC.

Avery's petition also asserts a claim for the establishment of a private way of necessity against MHTC pursuant to section 228.342. Avery, however, cites no case from Missouri or elsewhere holding that statutes like section 228.342 authorize private

6

ways of necessity across public lands.[3]  There are two aspects of section 228.342 that establish that the statute does not authorize the private condemnation of public lands.

First, section 228.342 implements the specific exception to the general constitutional ban on the taking of property for private use found in article, I section 28 of the Missouri Constitution, which provides in relevant part:

> That private property shall not be taken for private use with or without compensation, unless by consent of the owner, except for private ways of necessity, and except for drains and ditches across the lands of others for agricultural and sanitary purposes, in the manner prescribed by law.

The plain language of article I, section 28 generally prohibits the taking of private property for private use with specific, limited exceptions for private ways of necessity and agricultural or sanitary drains and ditches.  The fact that section 228.342 implements the specific exception to the general constitutional ban on the taking of private property for private use implies that the scope of section 228.342 extends only to providing a limited right to take private property for private use.

Second, "proceedings to acquire a private way over the lands of another are against the common law and the common rights and must, therefore, be strictly construed."  *Anderson v. Mantel*, 49 S.W.3d 760, 765 (Mo.  App. 2001) (quoting *Wolfe v. Swopes*, 955 S.W.2d 600, 602 (Mo.App.1997)); *see also*, *Jobe v. Weyerhaeuser Co.*, 684 P.2d 719, 722 (Wash. App. 1984) ( legislation authorizing private ways of necessity must be strictly construed and limited to that which is expressly conferred or necessarily

---

[3] MHTC is a department of the executive branch of the state government. *Missouri Highway & Transp. Comm'n v. Kansas City Cold Storage, Inc*., 948 S.W.2d 679, 682 (Mo. App. 1997). Avery does not allege that MHTC owns private property.

implied because such legislation delegates the condemnation power of eminent domain to private individuals). A strict construction of section 228.342 presumes nothing that is not expressed. *See*, *Templemire v. W & M Welding, Inc*., 433 S.W.3d 371,381 (Mo. banc 2014). Section 228.342 does not expressly authorize the establishment or widening of a private road over public lands. Therefore, section 228.342 does not authorize private ways of necessity over public land.

The trial court did not err by dismissing Avery's petition to establish a private way of necessity across public lands owned by MHTC.

## Conclusion

The trial court's judgment is affirmed.

_____
Richard B. Teitelman, Judge

All concur.

