

# In the Missouri Court of Appeals
# Eastern District

## <u>DIVISION FIVE</u>

| | | |
|---|---|---|
| GREGORY HILL-BEY, | ) | No. ED111649 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | 22SF-CC00148 |
| | ) | |
| DAVID VANDERGRIFF, ET AL., | ) | Honorable Patrick L. King |
| | ) | |
| Respondents. | ) | FILED: August 20, 2024 |

<u>Opinion</u>

Gregory Hill-Bey (Appellant) appeals from the circuit court's judgment dismissing his petition alleging violations of Missouri's Sunshine Law under § 610.027[1] arising out of a records request to the Eastern Reception Diagnostic and Correction Center (ERDCC) managed by the Missouri Department of Corrections (DOC).  Missouri's Prisoner Litigation Reform Act (PLRA) § 506.384 requires that Appellant, an incarcerated individual, first exhaust all administrative remedies before filing any civil claim in the circuit court that does not implicate a constitutional right.  Appellant argues the circuit court erred in dismissing his petition because either he pleaded and produced sufficient facts showing he exhausted all administrative remedies or, alternatively, the PLRA does not apply to his Sunshine Law claim.  Finding no error, we affirm the circuit court's judgment.

---

[1] All Section references are to RSMo (2016), unless otherwise noted.

## Background

Appellant, an incarcerated individual, filed a Petition in the circuit court against ERDCC's then-warden and assistant warden (collectively, Respondents).[2] Appellant alleged Respondents knowingly and purposefully violated the Sunshine Law by failing to fulfill his records request pursuant to § 610.023, received by ERDCC on June 16, 2022, seeking portions of his property file. Respondents sent him 230 pages on June 27, 2022, which Appellant alleged only partially fulfilled his request and in other ways exceeded his request.

Respondents moved to dismiss the Petition, under Rule 55.27, for failure to state a claim on which relief can be granted, on the grounds that Appellant failed to first exhaust his administrative remedies as required by the PLRA. Specifically, Respondents argued that, before filing his Petition, Appellant needed to first exhaust ERDCC's administrative grievance process by filing an Informal Resolution Request (IRR) regarding the alleged failure to fulfill his Sunshine request and then completing the internal appeals process.

In his response to Respondents' motion, Appellant argued that the exhibits attached to his Petition demonstrated his efforts to exhaust administrative remedies. Specifically, he argued the exhibits included references to two IRRs, one concerning property misappropriation and document falsification, which he later withdrew, and one concerning mail tampering. Both IRRs were filed prior to Appellant making his June 2022 Sunshine Law request. Attached to his suggestions in opposition, Appellant also provided a Letter he mailed to one of Respondents in April of 2022, stating that a caseworker told him he could not file an IRR regarding a prior March 2022 records request, which he argued showed DOC prevented him from exhausting administrative remedies. Appellant urged the circuit court to consider the Letter as additional

---

[2] Names are redacted pursuant to § 509.520, RSMo (Cum. Supp. 2023) and Mo. R. Civ. P. Rule 84.015.

evidence beyond the pleadings by converting Respondents' motion to dismiss to a motion for summary-judgment pursuant to Rule 55.27(a).[3]

Following briefing by the parties and a hearing, the circuit court granted Respondents' motion to dismiss. This appeal follows.

Standard of Review

"Our standard of review for the granting of a motion to dismiss is de novo." *Tri-County Counseling Servs., Inc. v. Off. Admin.*, 595 S.W.3d 555, 567 (Mo. App. W.D. 2020) (internal citation omitted). "A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition." *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016) (internal citation omitted). "The facts alleged are assumed to be true and all inferences from those facts are construed broadly in favor of the plaintiff." *Id.* (internal citation omitted). Further, we consider the exhibits attached to the petition as part of the allegations when reviewing a circuit court's grant of a motion to dismiss. *CIBC Bank USA v. Williams*, 669 S.W.3d 298, 303–04 (Mo. App. E.D. 2023) (citing Rule 55.12 (providing "[a]n exhibit to a pleading is a part thereof for all purposes")). "Accordingly, the plaintiff['s] petition is adequate if the petition and the exhibits attached allege any set of facts that, if proven, would entitle the plaintiff[] to relief." *Id.* (internal quotation omitted). "However, we disregard conclusory allegations that are not supported by the facts." *Id.* (internal quotation omitted).

We will not reverse the circuit court's dismissal unless the motion to dismiss cannot be sustained on any ground. *Tri-County Counseling*, 595 S.W.3d at 567 (internal citation omitted). "A party's failure to show that it exhausted its administrative remedies warrants the dismissal of

---

[3] All Rule references are to Mo. R. Civ. P. (2023), unless otherwise noted.

its claim." *Heatherly v. Wood*, 648 S.W.3d 131, 135 (Mo. App. E.D. 2021) (citing *Tri-County Counseling*, 595 S.W.3d at 569).[4]

Discussion[5]

Appellant's failure to show he exhausted all administrative remedies as required by Missouri's PLRA barred his civil suit and warranted dismissal of his Petition. *See id.*

Missouri's PLRA provides: "No civil action may be brought by an offender, except for a constitutional deprivation, until all administrative remedies are exhausted." § 506.384.1. The PLRA deprives a circuit court of statutory authority to hear any civil action, other than constitutional claims, brought by an incarcerated individual who has not exhausted all administrative remedies prior to filing suit. *See Gray v. Missouri Dep't of Corr.*, 577 S.W.3d 866, 869 (Mo. App. W.D. 2019) (quoting *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 477 (Mo. banc 2009)).

### I. Exhaustion of remedies

---

[4] Although the parties on appeal suggest the circuit court converted Respondents' motion to dismiss to a motion for summary judgment, the circuit court's judgment ***only*** refers to a motion to dismiss. The record contains no indication the circuit court considered any evidence outside the pleadings, which included the Petition and its attached exhibits. *See State ex rel. Clinton No. 1, Inc. v. Baker*, SC No. 100099, 2024 WL 942543, at *3–4 (Mo. Mar. 5, 2024) (finding where there was a clear absence of any indication that the circuit court considered the movant-defendant's affidavit when deciding a motion to dismiss based on a claim that the movant-defendant was immune from suit, the circuit court had ***not*** automatically converted the motion to one for summary judgment under Rule 55.27(a)).

[5] Dismissals without prejudice are generally not final appealable judgments. *ACLU of Mo. v. Maries Cnty. Sheriff's Off.*, 688 S.W.3d 816, 819 n.2 (Mo. App. S.D. 2024) (quoting *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997)). It is well-established, however, that a party can appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action. *Id.* (internal quotation omitted); *Rauch v. Corizon Med.*, 607 S.W.3d 750, 753 n.2 (Mo. App. W.D. 2020) (internal quotation omitted). Relevant here, "[if] the plaintiff would be barred from refiling the suit due to the statute of limitations, then a dismissal without prejudice may be deemed final because it has the practical effect of terminating the litigation." *ACLU of Mo.*, 688 S.W.3d at 819 n.2 (internal quotation omitted). Appellant filed the subject Sunshine Law request that was received by ERDCC/DOC's custodian of records in June of 2022, and he subsequently filed suit in August of 2022. Because Appellant would be barred from refiling his petition by § 610.027.5's two-year statute of limitations, the circuit court's dismissal without prejudice has the practical effect of ending the litigation. *See id.* The circuit court's judgment is thus a final appealable judgment.

4

Appellant first argues he satisfied § 506.348.1's exhaustion requirement by initiating multiple offender grievances with ERDCC through filing IRRs and asking Respondents at least three times for documents.

As Respondents argue in their motion to dismiss, the Petition does not plead that Appellant satisfied § 506.348.1's exhaustion requirement, nor does it or its attached exhibits allege facts supporting such a finding. *See CIBC Bank USA*, 669 S.W.3d at 304 (internal quotation omitted); *Avery*, 492 S.W.3d at 162 (internal citation omitted). Nowhere did Appellant plead or allege facts that he initiated or attempted to initiate ERDCC's administrative grievance process in order to seek relief for his dissatisfaction with the documents he received from ERDCC following his June 2022 Sunshine Law request. Even favorably construing his allegations, the record shows Appellant filed no IRR grievance with ERDCC complaining of Respondents' failure to adequately fulfill his June 2022 records request, which is the sole basis of his claim as alleged in the Petition. Instead, Appellant indicated he filed IRR grievances concerning property misappropriation and document falsification as well as mail tampering ***prior*** to Respondents' response to his records request—the conduct giving rise to this civil suit—and he ultimately withdrew the grievance concerning property misappropriation and document falsification. Appellant has thereby demonstrated no attempt to begin, let alone exhaust, ERDCC's administrative grievance process based on his Sunshine Law claim.[6] Therefore, the

---

[6] Appellant also attempts to rely on a Letter he attached to his suggestions in opposition to Respondents' motion to dismiss. The circuit court was not obligated to consider the Letter in ruling on Respondents' motion to dismiss. *See State ex rel. Clinton No. 1, Inc.*, 2024 WL 942543, at *3–4. Nevertheless, we note that in the Letter, dated April 13, 2022, Appellant wrote to one of Respondents that he had not received a reply to a records request made on March 30, 2022. Appellant further stated that he asked a caseworker to start an IRR grievance on that matter, but was told he could not file an IRR on a Sunshine Law request. Even had the exhibit been made part of the record, and viewing it most favorably to Appellant, the Letter predates the claim at issue—predating both Appellant's June 16, 2022 Sunshine Law request and Appellant's receipt of Respondents' attempt to fulfill that request on June 27, 2022. Accordingly, the Letter cannot serve to show Appellant exhausted administrative remedies regarding the June 2022 Sunshine Request on which he filed suit. *See CIBC Bank USA*, 669 S.W.3d at 304 (internal quotation omitted).

circuit court did not err in finding Appellant's civil suit was barred by the PLRA on the grounds that he failed to show he exhausted all administrative remedies. *See Heatherly*, 648 S.W.3d at 135 (citing *Tri-County Counseling*, 595 S.W.3d at 569).

## II.     PLRA Application to Sunshine Law

Appellant next argues, in the alternative, that the PLRA's exhaustion requirement does not apply to his Sunshine Law claim.

We interpret a statute by giving its language plain and ordinary meaning, and we "will not add words to a statute under the auspice of statutory construction." *Li Lin v. Ellis*, 594 S.W.3d 238, 242 (Mo. banc 2020) (internal quotation omitted). While constitutional claims are excepted from the PLRA, the PLRA contains no similar exception for Sunshine Law claims.[7] *See id.* The PLRA's plain language must be read to apply to all civil actions, including the Sunshine Law, when it states "[n]o civil action may be brought by an offender . . . until all administrative remedies are exhausted." § 506.384.1; *see, e.g,. Cooper v. Minor*, 16 S.W.3d 578, 580–82 (Mo. banc 2000) (noting Missouri's PLRA applies to a petition for declaratory judgment alleging various claims arising under RSMo Chapter 217[8]);

---

[7] Appellant suggests for the first time in his reply brief that the issues that led him to make his Sunshine Law request for certain property files—specifically, DOC's alleged unconstitutional taking of his property—involved the deprivation of a constitutional right, and thus his subsequent Sunshine Law claim should be held to fit the sole exception to the PLRA. Appellant's suggestion is not well taken. Appellant's Sunshine Law claim is a statutory cause of action seeking judicial enforcement of its provisions, and is not an action involving the deprivation of a constitutional right. *See* § 610.027.1; *cf. City of Byrnes Mill v. Limesand*, 599 S.W.3d 466, 471 (Mo. App. E.D. 2020) (internal citation omitted).

[8] Chapter 217, § 217.010 *et seq.*, concerns DOC's organization, powers, and responsibilities, and it authorizes DOC to promulgate administrative procedures for resolving offender grievances. *See Thomas v. Denney*, 453 S.W.3d 325, 330 (Mo. App. W.D. 2014) (quoting §§ 217.175, .370 (noting "[t]he division directors shall make such rules, regulations and orders as are proper and necessary for the management of the correctional centers and programs under their control" and "[t]he director . . . shall establish an offender grievance procedure")).

<u>Conclusion</u>

Under this record, Appellant failed to allege pursuant to the PLRA that he had either: (1) exhausted his administrative remedies or (2) was not required to exhaust such remedies prior to filing his Sunshine Law claim in circuit court. *See CIBC Bank USA*, 669 S.W.3d at 304 (internal quotation omitted); *Avery*, 492 S.W.3d at 162 (internal citation omitted). Consequently, the circuit court did not err in dismissing Appellant's Petition. *See Heatherly*, 648 S.W.3d at 135 (citing *Tri-County Counseling*, 595 S.W.3d at 569). We deny the appeal.

The judgment of the circuit court is affirmed.

_____
Rebeca Navarro-McKelvey, J.

Thomas C. Clark, II, C.J., and
Charles H. McKenzie, Sp. J., concur

7